# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2328

———————

United States of America,       *

                                        *

          Appellee,        *

                                        *   Appeal from the United States

     v.                          *   District Court for the District

                                        *   of North Dakota.

Robin L. Iron Shield,       *

                                        *         [UNPUBLISHED]

         Appellant.      *

———————

Submitted: February 13, 2012
Filed: March 27, 2012

———————

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

———————

PER CURIAM.

Robert Iron Shield appeals his conviction for sexual abuse of a minor, *see* 18 U.S.C. § 2243(a), asserting that the district court[1] erred in refusing to sever his trial from that of his co-defendant, Bruce Kills in Water, and that the evidence was insufficient to support his conviction. We affirm.

———————————

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

I.

A single indictment charged Iron Shield with having sexual intercourse with a thirteen-year-old girl, S.O.R., and Kills in Water with having sexual intercourse with another thirteen-year-old girl, O.M. Although the two events occurred in the same apartment at approximately the same time, Iron Shield maintains that the defendants were improperly joined in the indictment because they did not participate "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b). He maintains that the two offenses were separate and distinct. But since Iron Shield did not raise this issue in the trial court, we may review it only for plain error, and cannot give relief unless the misjoinder, if it was one, had a substantial injurious effort on the verdict. *See United States v. Robertson*, 606 F.3d 943, 951-52 (8th Cir. 2010).

The record here will not support that finding. This was a simple case: There were only two defendants, the trial lasted only a day and a half, and only four witnesses testified. The district court very carefully told the jury, both in its preliminary instructions and its final instructions, that the charges against the defendants were separate and distinct and that the jurors were required to judge each defendant individually. During the trial, moreover, the district court cautioned that incriminating statements by each of the defendants were to be considered only to the extent that they bore on the case of that defendant. These instructions, in the circumstances, cured any possibility of prejudice, much less a substantial injurious effect, arising from the joinder. *See Zafiro v. United States*, 506 U.S. 534, 540-41 (1993).

In a related argument, Iron Shield asserts that the district court abused its discretion by denying his motion to sever his trial from Kills in Water's, *see* Fed. R. Crim. P. 14(a), because their defenses were irreconcilable or antagonistic. It is true that Iron Shield denied engaging in sexual intercourse with S.O.R., while Kills in Water admitted that he had had intercourse with O.M. but denied knowing that she

was under sixteen years old.  This makes the defendants' defenses different, but it does not make them antagonistic or irreconcilable for the very reason that Iron Shield argued that he had been misjoined with his co-defendant:  The acts with which the defendants were charged were completely distinct and separate, and the jury could easily have believed one defense without rejecting the other.  Each defense stood on its own.  *See United States v. Lewis*, 557 F.3d 601, 609-10 (8th Cir. 2009).  Any possible prejudice that the different defenses might have created was in any event cured by the district court's careful instructions, already alluded to, to the jury to compartmentalize the evidence.

## II.

Iron Shield contends that the evidence was insufficient to convict him because his admission that he had engaged in sexual intercourse with S.O.R. was not corroborated and was the only evidence of intercourse, as opposed to other sexual activity, introduced at trial.  It is true that S.O.R. testified that she did not remember if she and Iron Shield had had sex and did "not believe" that they did, and there were no witnesses to the actual sexual act charged.  But the corroboration that the law requires must only bolster the reliability of a defendant's admission to render a case submissible; it need not independently establish all or any of the elements of the crime charged.  The defendant's admission, if other evidence tends to show its reliability, is sufficient to do that.  *United States v. Kirk*, 528 F.3d 1102, 1111 (8th Cir. 2008).  Here, there was evidence that Iron Shield was lying on the floor in the apartment with S.O.R. on the night in question, that they were embracing and kissing,  that he removed her bra, and that they were lying under blankets together when they awoke the next morning.  Clothes that belonged to both of them were found in the apartment and S.O.R.'s bra was wrapped in blankets found there.  There was other corroborating testimony, but the recited evidence is more than sufficient to show the reliability of Iron Shield's statements that he had intercourse with S.O.R.  The case against him was therefore sufficient to go to the jury.

Affirmed.

_____